IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


CAROLYN D. WOODSON AND
ROSA M. LEE                                                          PLAINTIFFS

VERSUS                                          CIVIL ACTION NO: 1:05cv426WJG-JMR

MISSISSIPPI SPACE SERVICES/
COMPUTER SCIENCE CORPORATION                                          DEFENDANT


<u>MEMORANDUM OPINION AND ORDER</u>


This cause is before the Court on the motion [3-1] to dismiss filed by the Defendant,

Mississippi Space Services/Computer Science Corporation [MSS], pursuant to Federal Rules of

Civil Procedure 12(b)(6).[1]  After due consideration of the pleadings, evidence of record,

applicable law, and being otherwise advised in the premises, the Court finds as follows.

<u>Statement of Facts</u>

On September 16, 2005, the Plaintiffs, Carolyn D. Woodson and Rosa M. Lee, filed their

Complaint against MSS, alleging violations of Title VII, the Equal Pay Act and the laws of

Mississippi arising from the Defendant's alleged discriminatory practices.  (Ct. R., Doc. 1.)

Particularly, Plaintiffs allege that they were denied equal pay and promotion as similarly situated

Caucasian employees and were subject to a hostile work environment and constructive discharge.

(Ct. R., Doc. 1, ¶¶ 3-9.)  Both Plaintiffs are members of the International Association of

---

[1] Although MSS filed its motion alternatively under Rule 56, the Court declines to treat the present motion as one for summary judgment.  FED. R. CIV. P. 12(b).  Although the Court considers the CBA and the Plaintiffs' EEOC Charges of Discrimination, these documents are critical and central to the Plaintiffs' claims alleged in the Complaint.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Machinists & Aerospace Workers, Local 2249. (Ct. R., Doc. 3, Exh. A.)  Defendants filed the instant motion to dismiss asserting that Plaintiffs' claims are subject to mandatory arbitration pursuant to a collective bargaining agreement (the "CBA") or fail to state a claim upon which relief can be granted.  The Court will examine each of the Defendant's arguments in turn.

<u>Standard of Review</u>

When considering a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) or for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992); *Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.*"  Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting, *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)).  In deciding whether dismissal is warranted, the court will not accept conclusional allegations in the complaint as true. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

<u>Discussion</u>

MSS presents four grounds upon which it bases its motion to dismiss:  (1) Plaintiffs' discrimination and contract claims are subject to arbitration under the CBA; (2) Plaintiffs failed to exhaust administrative remedies relating to their hostile work environment and constructive discharge claims; (3) Plaintiffs failed to state a claim for constructive discharge; and (4) Plaintiffs pendent state law claims based on intentional and negligent infliction of emotional distress

2

should be dismissed upon the dismissal of Plaintiffs' claims based on federal law.  The Court will address each of these assertions.

I.    <u>Arbitration of Discrimination Claims</u>

MSS begins by urging this Court to follow the example of the United States Court of Appeals for the Fourth Circuit in *Safrit v. Cone Mills Corp.*, 248 F.3d 306 (4th Cir. 2001), wherein the *Safrit* Court concluded that the arbitration provision in the collective bargaining agreement before it waived, in "clear and unmistakable" language, the employee's right to pursue Title VII claims in a federal forum.  *Safrit*, 248 F.3d at 308.  In reaching its holding, the *Safrit* Court purported to rely upon the precedent enunciated in *Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70 (1998).  MSS urges this Court to do the same and to dismiss Plaintiffs' discrimination claims for failure to arbitrate.

The Court, however, declines Defendant's invitation to apply *Wright* in light of *Safrit*. *Wright* recognized a tension between two lines of case law:  *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), which found that "an employee's rights under Title VII are not susceptible of prospective waiver," 415 U.S. at 51-52; and *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991), which held that the right to a federal judicial forum for an ADEA claim could be waived.  *Wright*, 525 U.S. at 76-77.  The most notable distinction between *Gardner-Denver* and *Gilmer* is that *Gardner-Denver* occurred in the context of a collective bargaining agreement while *Gilmer* involved the contract of an individual employee.  *See Wright*, 525 U.S. at 77; *Gilmer*, 500 U.S. at 34-35.

Contrary to Defendant's position and that enunciated in *Safrit*, the Supreme Court did not hold in *Wright* that the right to a federal forum may be waived in a collective bargaining

agreement if it is done in "clear and unmistakable" language.  More conservatively, *Wright* held that issues arising from the statutory rights of employees subject to a collective bargaining agreement are not presumed to be arbitrable and that "a union-negotiated waiver of employees' statutory right to a judicial forum for claims of employment discrimination" must be made in "clear and unmistakable" language.  525 U.S. at 78-80.  Because the collective bargaining agreement in *Wright* did not contain a clear and unmistakable waiver of the employees' rights to a judicial forum for federal claims of employment discrimination, the Supreme Court "[did] not reach the question whether such a waiver would be enforceable."  *Id.* at 82.  Thus, the Supreme Court intentionally left unresolved any tension between *Gardner-Denver* and *Gilmer*.

In arriving at its holding in *Wright*, the Supreme Court addressed *Gardner-Denver* and *Gilmer* in passing, stating that "whether or not *Gardner-Denver*'s seemingly absolute prohibition of union waiver of employees' federal forum rights survives *Gilmer, Gardner-Denver* at least stands for the proposition that the right to a federal judicial forum is of sufficient importance to be protected against less-than-explicit union waiver in a CBA."  *Wright*, 525 U.S. at 80.  While the Court is mindful that *Wright* may suggest a willingness by the Supreme Court to overrule or abrogate *Gardner-Denver*, *Wright* indicates that the Supreme Court is unwilling at this time to fully discount the tension between the interests of collective representation and bargaining by the union and the protection of individual statutory rights.  *See Gardner-Denver*, 415 U.S. at 51-52; *Gilmer*, 500 U.S. at 35.

It may be that the Supreme Court is moving toward replacing *Gardner-Denver*'s prohibition against prospective waiver of individual statutory rights in a collective bargaining agreement with the less-absolute alternative of requiring that any such waiver be made in clear

and unmistakable language.  As yet, however, the Supreme Court has not so ruled.

Consequently, *Gardner-Denver*'s finding that an employee's statutory rights are not susceptible

of prospective waiver under a collective bargaining agreement remains binding precedent.  In so

finding, this Court follows those district courts within the Fifth Circuit that have relied upon the

prohibition against prospective waiver contained in *Gardner-Denver* rather than the semantic

analysis applied in *Wright*.  *See Moore v. Paris Packaging Inc.*, No. 4:04-CV-292, 2005 WL

2266706 (E.D. Tex. Sept. 16, 2005); *Pichon v Murphy, U.S.A., Inc.*, No. CIV. A. 00-2355, 2001

WL 603962 (E.D. La. May 30, 2001), *rev'd on other grounds*, 33 Fed. Appx. 706 (5th Cir.

2002).  Based on the continued vitality of *Gardner-Denver*, the Court finds that Defendant's

motion to dismiss Plaintiffs' federal discrimination claims under Counts One, Three, Four and

Five should be denied.

II.     Arbitration of Breach of Contract Claims

        MSS asserts that the CBA arbitration provision requires arbitration of Plaintiffs' breach

of contract claims.  Regarding arbitration provisions within collective bargaining agreements, the

Supreme Court has stated, "there is a presumption of arbitrability in the sense that '[a]n order to

arbitrate the particular grievance should not be denied unless it may be said with positive

assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted

dispute.'"  *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650

(1986) (quoting *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S.

574, 582-583 (1960)).

        The arbitration provision of the instant CBA provides that "[a]ny grievance not adjusted

in the normal manner . . . involving the interpretation or application of this agreement shall be

referred to arbitration as herein provided." (Ct. R., Doc. 3, Exh. B, p. 11.) A "grievance" is defined as "any differences arising between the Company and the Union or an employee involving the interpretation or application of the terms of the Agreement." (Ct. R., Doc. 3, Exh. B, p. 9.) Any breach of contract claim related to the CBA or a Union issued employee handbook would fall under the instant arbitration provision. Consequently, Defendant's motion to dismiss Plaintiffs' breach of contract claims under Count Two should be granted.

III.    Exhaustion of Administrative Remedies

MSS argues that Plaintiffs' claims for hostile work environment and constructive discharge pursuant to Title VII should be denied for failure to exhaust administrative remedies. Particularly, MSS points out that Plaintiffs did not identify or describe a hostile work environment or constructive discharge in their respective Charges of Discrimination with the Equal Employment Opportunity Commission [EEOC]. (Ct. R., Doc. 3, Exhs. D and E.)

Under Title VII, an individual bringing suit must follow certain administrative requirements, such as filing a charge with the EEOC, as a precondition to the filing of a lawsuit in district court. *Taylor v. Books A Million,* 296 F.3d 376, 379 (5th Cir.2002). Courts have no jurisdiction to consider Title VII claims where the aggrieved party has not exhausted administrative remedies. *Id.* Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-9 (5th Cir.1996).

The Plaintiffs' respective charges of discrimination allege only that they were forced to switch shifts with white employees contrary to their wishes and seniority. (Ct. R., Doc. 3, Exhs. D and E.) The Court notes that Plaintiffs, although given the opportunity, failed to identify or

discuss hostile work environment or constructive discharge in their respective charges of

discrimination to the EEOC.  (*Id.*)  Their description of the particulars of the alleged

discrimination identify and discuss the single event of shift-switching.  (*Id.*)

Generally, where the EEOC charge alleges only one theory of discrimination, as in the

present case, a plaintiff cannot advance additional grounds of discrimination in her court action

related to that charge.  *Thomas v. Texas Dep't of Crim. Justice,* 220 F.3d 389, 395 (5th Cir.2000);

*Sanchez v. Standard Brands,* 431 F.2d 455, 466 (5th Cir.1970).  Simply put, the scope of

Plaintiffs' Title VII claims in this Court is limited to the scope of their charge to the EEOC,

which does not include claims for hostile work environment and constructive discharge.  *See id.*

Plaintiffs only alleged discrete instances of discrimination related to shift changes.  Plaintiffs did

not identify any other discriminatory conduct or allege a pervasive atmosphere of discrimination.

Additionally, Plaintiffs did not claim that they were terminated or resigned their employment.

Consequently, this Court finds that Defendant's motion to dismiss Plaintiffs' claims for hostile

work environment and constructive discharge under Counts Three and Four should be granted.

IV.     <u>Constructive Discharge</u>

As an additional ground for dismissal, MSS asserts that Plaintiffs fail to state a claim for

constructive discharge.  Particularly, Plaintiffs do not assert in their Complaint or in response to

the instant motion that they actually resigned their employment with MSS.  As noted by the Fifth

Circuit, "[t]he general rule is that if the employer deliberately makes an employee's working

conditions so intolerable that the employee is forced into an *involuntary resignation*, then the

employer has encompassed a constructive discharge."  *Keelan v. Majesco Software, Inc.*, 407

F.3d 332, 342 (5th Cir. 2005) (emphasis added).  *See also Brown v. Kinney Shoe Corp.*, 237 F.3d

556, 566 (5ᵗʰ Cir. 2001) ("A resignation is actionable under Title VII, allowing the plaintiff to seek compensatory damages for events after the resignation, only if the resignation qualifies as a constructive discharge.").

A resignation or cessation of employment is inherent in a constructive discharge claim. Plaintiffs do not allege that they resigned or ceased their employment with MSS.  As an alternative ground, the Court finds that Plaintiffs have failed to state a claim for constructive discharge, and Defendant's motion to dismiss Count Four should be granted.

V.      Negligent and Intentional Infliction of Emotional Distress Claims

MSS argued that once Plaintiffs' federal claims were dismissed, the Court should dismiss Plaintiffs' pendent state law claims for negligent and intentional infliction of emotional distress. Because the Court declines to dismiss Plaintiffs' racial discrimination and equal pay discrimination claims, Counts One and Five, respectively, the Court finds Defendant's argument to be without merit.  Consequently, Defendant's motion to dismiss Plaintiffs' negligent and intentional infliction of emotional distress claims under Counts Six and Seven, respectively, should be denied.

For the reasons stated herein, the Court finds that Defendant's motion to dismiss complaint should be granted in part and denied in part.  It is therefore,

ORDERED that Defendant's motion [3-1] to dismiss complaint be, and is hereby, granted in part and denied in part.  It is further,

ORDERED that Counts Two, Three and Four of the Complaint be, and are hereby, dismissed without prejudice.  It is further,

ORDERED that each party shall bear their respective costs in association with this motion.

SO ORDERED this the 11th day of July, 2006.


_Walter J. Gex III_
UNITED STATES SENIOR DISTRICT JUDGE