IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CAROLYN D. WOODSON and
ROSA M. LEE                                                                                         PLAINTIFFS

VERSUS                                                             CIVIL ACTION NO: 1:05cv426WJG-JMR

MISSISSIPPI SPACE SERVICES/
COMPUTER SCIENCES CORPORATION                                                    DEFENDANT

MEMORANDUM OPINION

THIS CAUSE comes before the Court on motion [23-1]of the Defendant, Mississippi Space Services [MSS] for summary judgment against Plaintiff Carolyn D. Woodson pursuant to Federal Rule of Civil Procedure 56(c). The Court, being fully advised in the premises and having examined the Court record, including the Complaint and Defendant's brief [1] in support of its motion for summary judgment, finds as follows.

Statement of Facts

Carolyn D. Woodson, one of two Plaintiffs in this action, filed this suit claiming that MSS discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* [Title VII] and that she was disparately paid because of her race in violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1) [Equal Pay Act]. Woodson began her employment with MSS on February 6, 2004, as a cook and is currently employed in that same position. (Ct. R., Doc. 24, Exhs. 1-2.)

---

[1]The Court is without the benefit of a response from Woodson to Defendant's summary judgment motion.

According to the allegations of the Complaint in regard to Woodson, she claims she was passed over for a promotion on February 25, 2005, in spite of her experience and qualifications. (Ct. R., Doc. 1, p. 2.) Woodson, an African American female, further claims she was denied equal pay as compared to Caucasian employees and not allowed to apply for certain positions for which she was qualified. (*Id*., p. 3.) She also advances claims for intentional and negligent infliction of emotional distress. (*Id*.) Woodson filed a complaint with the Equal Employment Opportunity Commission [EEOC] and was issued a right to sue notice on June 17, 2005. (*Id*., Exh. A.)

According to MSS, Woodson, a member of the International Association of Machinists and Aerospace Workers, Local 2249 [IAMAW, Local 2249], had the opportunity to bid for job openings as posted under the collective bargaining agreement. (Ct. R., Doc. 24, p. 2; Exh. 3, p. 38.) Woodson's own testimony indicates she has never bid on a position during her employment with MSS. (*Id*., Exh. 2, pp. 129, 239.)

In February 2005, Woodson was assigned to work as a cook in the Navy Galley to replace her sister, Rosa Lee, who became ill and was on medical leave. (*Id*., Exh. 2, p. 72.) Woodson had crossed-trained to work in the Navy Galley, and did not lose benefits or pay because of the reassignment. (*Id*., p. 66.) She had the same duties as other cooks who worked in the Navy Galley, and the only job change, aside from her reassignment, was her work hours. (*Id*., p. 141.) Woodson worked at the Navy Galley for about six weeks until her sister returned to work. (*Id*.)

Chris Millaudon, a white male, was assigned to cover Woodson's duties when Woodson moved to the Navy Galley. (*Id*., Exh. 6.) Millaudon was hired as a part-time/on-call Food

Service Helper – not a cook – during the time he substituted for Woodson.  (*Id*., Exhs. 6-7.)  Millaudon received upgraded pay for the time he worked in Woodson's place.  (*Id*., Exh. 7.)

Woodson testified that none of her supervisors or co-workers made racially derogatory comments to her.  (*Id*., Exh. 2, p. 66.)  She was never physically threatened by her supervisor, or spoken to in a foul or abrasive manner.  (*Id*., pp. 160, 168-9.)  Woodson claims that the offensive conduct constituting adverse employment actions include her assignment to additional duties and the counseling she received in 2004 concerning her job performance.  (Ct. R., Doc. 24, Exh. 2, pp. 39, 52-7, 61-2, 64; Exhs. 4-5)  She contends that she was a victim of racial discrimination because she was asked to unload items from a delivery truck, counseled about how she diced potatoes and prepared bread pudding, was assigned onerous food preparation duties and was moved to the Navy Galley.  (*Id*.)   According to MSS, this action does not rise to the level necessary for redress under Title VII.  (Ct. R., Doc. 24, p. 6.)

MSS reassigned Woodson to the Navy Galley because she had cross-trained to work there.  Woodson stated that she was asked to unload the truck because the person normally assigned to unload trucks was not available, although she did not unload the truck after all.  (*Id*., Exh. 2, p. 52.)  Accordingly, MSS argues that the truck incident did not impact her employment and that it had a legitimate reason for reassigning her to Navy Galley.  (Ct. R., Doc. 24, p. 7.)

MSS argues that there is no proof that MSS's actions were pretextual or that MSS was motivated by racial animus in its actions.  (*Id*., pp. 7-8.)  Woodson's allegations concerning the alleged failure to promote also lack merit, according to MSS because she did not apply for a promotion at any time.  (*Id*., p. 8; Exh. 2, p. 239.)

Woodson appears to assert that she is not advancing a claim under the Equal Pat Act. (*Id.*, Exh. 2, pp. 131-2.) At any rate, MSS argues that Woodson does not identify any similarly-situated male employee that was paid more than she was for the same work. (Id., pp. 136-8.) In addition, MSS contends that as a bargaining unit member of the union, Woodson's rate of pay is controlled by the collective bargaining agreement in place between MSS and IAMAW, Local 2249. (Ct. R., Doc. 24, p. 12.) Woodson's rate of pay was consistent with the amount set in the collective bargaining agreement. (*Id.*, Exh. 3, p. 44.) MSS maintains that Woodson cannot establish she was paid disparately because of her race, in light of this information. (Ct. R., Doc. 24, pp. 12-13.)

Woodson's claims for negligent and intentional infliction of emotional distress should be dismissed, according to MSS, because Woodson cannot prove that MSS's actions were outrageous and atrocious. (*Id.*, pp. 13-15.) In addition, her claim for negligent infliction of emotional distress must be dismissed because under Mississippi law, the Mississippi Worker's Compensation Statute provides the exclusive remedy for an employee's cause of action based on alleged negligence. (*Id.*, p. 16.)

## Discussion

I.    Claims Under Title VII

    A.  Racial Discrimination

Woodson contends that she was a victim of racial discrimination, which bears the following elements of proof: (1) she was a member of a protected class (African-American); (2) she was qualified for the position; (3) she was subject to a negative employment action; and (4)

she was treated less favorably than were similarly-situated individuals who are not in the subject protected class.  *Wheeler v. BL Dev. Corp.,* 415 F.3d 399, 406 (5th Cir. 2005)

Should she present a *prima facie* case of racial discrimination, the burden shifts to MSS to rebut her case by demonstrating a "legitimate, nondiscriminatory justification for its actions." *Manning v. Chevron Chem. Co.,* 332 F.3d 874, 882 (5th Cir. 2003); *reh'g & reh'g en banc denied*, 2003 WL 21785385 & *cert. denied* 540 U.S. 1107 (2004).  If the defendant satisfies this burden, the inference of discrimination raised by the *prima facie* case drops from the case and the plaintiff must prove that the proffered reason is mere pretext for discrimination and must create a reasonable inference that her race was a determinative factor in the adverse employment actions. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999).  If she cannot meet this burden, summary judgment is appropriately granted.

An "adverse employment action" must involve an ultimate employment decision. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997).  "Ultimate employment decisions" include acts "such as hiring, granting leave, discharging, promoting, and compensating."  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004).  Thus, "changing locks, restructuring office procedures, clarifying job duties, and taking disciplinary actions in the form of reprimands do not constitute ultimate employment decisions."  *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002).  Woodson has not shown that any of the complained of employment actions rise to the level of an "ultimate employment decision."

Woodson also has not established that she was treated less favorably than were similarly-situated individuals who are not in the subject protected class.  On the contrary, MSS placed

Woodson in the Navy Galley because she had cross-trained for the position and that while she performed the work she continued to receive the same pay, that she ultimately was not required to unload the delivery truck, that Millaudon was not promoted to the cook position during the time he filled in for her although he did receive the appropriate pay, and that her supervisors did not make derogatory remarks to her.  (Ct. R., Doc. 24, Exh. 2, pp. 52, 55, 66, 72, 76, 168-9; Exhs. 6, 7.) There is no proof that Woodson was permanently replaced, and she also failed to prove that a male or white employee received more favorable treatment in similar circumstances. *Perez v. Texas Dep't of Criminal Justice,* 395 F.3d 206, 213 (5th Cir. 2004); *Manning,* 332 F.3d at 881.

Furthermore, Woodson must show that her race played a role in the employer's decision-making process and had a "determinative influence on the outcome." *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) (*en banc*) (ADEA case).  An employee's sincere subjective belief of discrimination cannot provide a plaintiff's sole support for judicial relief. *Portis v. First Nat. Bank of New Albany, Miss*., 34 F.3d 325, 329 (5th Cir. 1994) *as amended on denial of reh'g* (Nov. 10, 1994); *see Nichols v. Loral Vought Sys*., 81 F.3d 38, 42 (5th Cir. 1996). There is no question that Woodson is a member of the protected class.  Her proof is lacking, however, because she cannot establish that she experienced an adverse employment action or that the action was taken because of her race.  Woodson has not come forward with evidence to establish that her race had any influence whatsoever on the decisions made regarding her employment with MSS.  Accordingly, the Court concludes that Woodson has not shown that her race played an actual role in the employer's decision-making process and had a "determinative influence on the outcome." *Rhodes*, 75 F.3d at 994.

In addition, MSS has met the burden of producing a non-discriminatory reason for Woodson's temporary job change. The burden in this regard "is one of production, not persuasion . . . [and] can involve no credibility assessment." *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 141-2 (2000). Woodson must meet her burden of showing that the Defendant's explanation was merely a pretext for the actual reason she was reassigned, allegedly racial discrimination.

Although an employee may disagree with an employer's decisions the Court is not in the position to "second guess" those decisions without evidence that an individual's race was a determining factor in the end result. *See Bienkowski v. American Airlines, Inc*., 851 F.2d 1503 (5th Cir. 1988). A plaintiff's sincere subjective beliefs of discriminatory intent behind her employer's employment decisions, without more, is not sufficient to establish a material question of fact regarding the motives of her employer. *Shackelford*, 190 F.3d at 408.

The Court finds that Woodson has not satisfied the *prima facie* case. In addition, even if she had, MSS proffered as its legitimate, non-discriminatory business reason that she was reassigned temporarily because she was cross-trained in the position. Upon thorough review of the evidentiary record, the Court finds that Woodson has failed to raise an inference that Defendant's proffered reasons for termination are pretext for racial discrimination. The Court, therefore, concludes that MSS's motion for summary judgment on any claims of racial discrimination under Title VII should be granted.

    B.  <u>Failure to Promote</u>

Woodson also asserts a claim for an alleged sexually hostile work environment. To establish a *prima facie* case of discrimination, Woodson must show the following: (1) she is a

member of a protected class; (2) was not promoted; (3) was qualified for the position; and (4) either the position was filled by someone outside the protected class or she was not promoted because of her race.  *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 179 (5th Cir. 1999). The evidence shows that she never applied for a promotion.  (Ct. R., Doc. 24, Exh. 2, p. 239.)

Woodson has failed to establish that she applied for a promotion and that the position was filled by someone outside the protected class.  Accordingly the Court concludes that Woodson cannot establish her *prima facie* case in this regard, and that MSS is entitled to summary judgment on her failure to promote claim.

    C.  Equal Pay

Woodson does not advance a claim under the Equal Pay Act, because her claims of discrimination are based solely on racial discrimination.  The Equal Pay Act, 29 U.S.C. § 206(d)(1) applies only to claims of discrimination based on gender.  Claims based on unequal pay due to racial motivations are properly brought under Title VII.  *See County of Wash., OR v. Gunther*, 452 U.S. 161, 172 (1981).  To support a *prima facie* case of an unequal pay claim under Title VII, Woodson must show that MSS acted with discriminatory intent.  *Peters v. City of Shreveport*, 818 F.2d 1148, 1153-4 (5th Cir. 1987), *cert. dismissed* 485 U.S. 930 (1988). Woodson has provided no such evidence in this case; in fact, she stated in her deposition that the equal pay claim advanced in the complaint belonged to her co-Plaintiff, Rosa Lee.  (Ct. R., Doc. 24, Exh. 2, pp. 131-2.)  Furthermore, Woodson has failed to establish that any salary discrepancies existed between herself and the other white employees, much less proving that any discrepancy was based on racial factors.  *See E.E.O.C. v. Louisiana Network, Inc*., 809 F. Supp.

1210, 1227-8 (M.D. La. 1992). The Court, therefore, concludes that MSS is entitled to summary judgment on Woodson's claim, if any, of unequal salary.

II.     Claim for Intentional Infliction of Emotional Distress

Recovery for a claim of intentional infliction of emotional distress can be had when a plaintiff shows "there is something about the defendant's conduct which evokes outrage or revulsion, done intentionally . . . the result being reasonably foreseeable . . . even though there has been no physical injury." *Sears, Roebuck & Co. v. Devers*, 405 So.2d 898, 902 (Miss. 1981); *Stafford v. True Temper Sports*, 123 F.3d 291, 297 (5th Cir. 1997). "A Mississippi federal court defined the necessary severity as acts so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hatley v. Hilton Hotels Corp.*, 308 F.3d 473, 476 (5th Cir. 2002), quoting *Speed v. Scott,* 787 So.2d 626, 630 (Miss. 2001). Employment disputes generally do not fall within this territory. *Nuwer v. Mariner Post-Acute Network*, 332 F.3d 310, 316 (5th Cir. 2003); *Lee v. Golden Triangle Planning & Dev. Dist., Inc.,* 797 So.2d 845, 851 (Miss. 2001). A party must prove that the defendant's conduct was "extreme and outrageous" to recover damages for intentional infliction of emotional distress. *Burroughs v. FFP Operating Partners, L.P.,* 28 F.3d 543, 546 (5th Cir.1994). The Court finds that MSS is entitled to summary judgment on Woodson's claims for intentional infliction of emotional distress because the alleged conduct advanced by her does not rise to the level contemplated for recovery of damages for intentional infliction of emotional distress. *See Nuwer*, 332 F.3d at 316.

III.     Negligent Infliction of Emotional Distress

Woodson has asserted a state law claim based on negligent infliction of emotional distress.  (Ct. R., Doc. 1, pp. 3-4.)  Any state law claim for negligence is barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act.  *Campbell v. Jackson Bus. Forms Co.*, 841 F. Supp. 772, 774-5 (S.D. Miss. 1994).  Accordingly, the Court concludes that MSS's motion for summary judgment on Woodson's claim of negligent infliction of emotional distress should be granted.

## Conclusion

For the reasons given above, this Court finds that MSS's motion for summary judgment [23-1] on Carolyn D. Woodson's claims should be granted.  A separate summary judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date.  Each party shall bear their respective costs associated with this motion.

THIS THE 5th day of July, 2007.

                                         *Walter J. Gex III*
                                UNITED STATES SENIOR DISTRICT JUDGE