IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CAROLYN D. WOODSON and
ROSA M. LEE                                                                                    PLAINTIFFS

VERSUS                                                    CIVIL ACTION NO: 1:05cv426WJG-JMR

MISSISSIPPI SPACE SERVICES/
COMPUTER SCIENCES CORPORATION                                               DEFENDANT

MEMORANDUM OPINION

THIS CAUSE comes before the Court on the motion [25-1] of the Defendant, Mississippi Space Services [MSS] for summary judgment against Plaintiff Rosa M. Lee pursuant to Federal Rule of Civil Procedure 56(c).  The Court, being fully advised in the premises and having examined the Court record, including the Complaint and Defendant's brief[1] in support of its motion for summary judgment, finds as follows.

Statement of Facts

Rosa M. Lee, one of two Plaintiffs in this action, filed this suit claiming that MSS discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., [Title VII] and that she was disparately paid because of her race in violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1) [Equal Pay Act].  She also advances claims for intentional and negligent infliction of emotional distress in violation of Mississippi

---

[1]The Court is without the benefit of a response from Lee to Defendant's summary judgment motion.

state law.  (Ct. R., Doc. 1.)  Lee was hired by MSS in February 2004 as a part-time food service helper.  (Ct. R., Doc. 26, Exh. 1, p. 94.)

Lee claims in her complaint that she was discriminated against because of her race. (Ct. R., Doc. 1, p. 2.)  She contends that she was passed over for a promotion on February 25, 2005. (*Id*.)  She also claims that she was racially discriminated against when she was paid less than other Caucasian employees.  (*Id*., p. 3.)

Lee is a member of the International Association of Machinists and Aerospace Workers, Local 2249 [IAMAW, Local 2249], which has a collective bargaining agreement with MSS.  (Ct. R., Doc. 26, p. 2; Exh. 3, p. 38.)  Lee bid on one position – the full-time food service helper position which she currently holds.  (*Id*., Exh. 2, p. 85.)  In January 2005, the Navy requested that MSS provide additional staff to work in the Navy Galley.  (*Id*., Exh. 4, p. 4.)  Because Lee was cross-trained to work in the Navy Galley, MSS reassigned her to work in that facility to accommodate the Navy's request for additional staff.  (*Id*., Exhs. 2, p. 21 and 5.)  During the time Lee worked in the Navy Galley, she received a pay upgrade while performing duties of cook in addition to food service helper.  (*Id*., Exh. 2, pp. 81-2, 94.)

According to MSS, Lee cannot establish that she suffered an adverse employment action. (Ct. R., Doc. 26, p. 5.)  She claims that she was transferred to the Navy Galley position in an effort to separate herself and her sister, Carolyn Woodson, who was also employed by MSS.  (Ct. R., Doc. 26, Exh. 2, p. 82.)  She contends that her reassignment and the fact that another employee assigned to the Navy Galley was allowed to work the early shift while she was not is evidence of racial discrimination.  (*Id*., pp. 82-4.)  Lee did not receive any loss of pay or benefits as a result of the reassignment.  (*Id*., pp. 81-2.)  MSS argues that the reassignment is not an

adverse employment action. (Ct. R., Doc. 26, p. 7.) MSS maintains that it had a legitimate non-discriminatory reason for assigning Lee to the Navy Galley position: that Lee was cross-trained in this position and reassigned because the Navy asked for an additional staff person to work the 1:00 - 6:30 P.M. shift. (Ct. R., Doc. 26, Exh. 4.) Lee has brought forward no evidence that these reasons are pretextual, according to MSS. (Ct. R., Doc. 26, p. 8.) Lee testified that she felt she was reassigned to cause a rift in her relationship with her sister. (Ct. R., Doc. 26, Exh. 2, pp. 82-3.) Even if this were the reason, MSS contends that the reason is not a racially motivated. (Ct. R., Doc. 26, p. 8.)

Lee contends in her complaint that she was denied a promotion on February 25, 2005, because of her race. (Ct. R., Doc. 1, p. 2.) MSS argues that Lee did not apply for a promotion. (*Id.*, p. 9.) Lee testified that the position she refers to in her complaint was not posted for bid, and no employee was offered a promotion at that time. (*Id.*, Exh. 2, pp. 86-7.)

According to MSS, Lee's Equal Pay claim must fail because the Equal Pay Act does not afford protection for allegations of unequal pay based on race. (Ct. R., Doc. 26, p. 11.) In addition, as a member of IAMAW, Local 2249, Lee's pay is controlled under the collective bargaining agreement between MSS and IAMAW, Local 2249. (*Id.*, p. 12; Exh. 3.) The collective bargaining agreement sets forth specific pay rates for each job classification, and Lee's rate of pay for the jobs she held was consistent with the amounts specified in the collective bargaining agreement. (*Id.*)

Finally, MSS contends that Lee's claims for intentional infliction of emotional distress should be dismissed because Lee cannot prove that MSS' actions were outrageous and atrocious. (*Id.*, pp. 13-16.) Lee claims that the conduct which caused her emotional damage was her

suspension for three days. (*Id*., Exh. 2, pp. 92-4.) An employment dispute cannot serve as the basis for a claim for intentional infliction of emotional distress, according to MSS. (*Id*., p. 15.) In addition, MSS contends Lee's claim for negligent infliction of emotional distress must be dismissed because under Mississippi law, the Mississippi Worker's Compensation Statute provides the exclusive remedy for an employee's cause of action based on alleged negligence. (*Id*., pp. 16-19.)

## Discussion

I.   Claims Under Title VII

   A.   Racial Discrimination

Lee contends that she was a victim of racial discrimination, which bears the following elements of proof: (1) she was a member of a protected class (African-American); (2) she was qualified for the position; (3) she was subject to a negative employment action; and (4) she was treated less favorably than were similarly-situated individuals who are not in the subject protected class. *Wheeler v. BL Dev. Corp.,* 415 F.3d 399, 406 (5th Cir. 2005).

Should she present a *prima facie* case of racial discrimination, the burden shifts to MSS to rebut her case by demonstrating a "legitimate, nondiscriminatory justification for its actions." *Manning v. Chevron Chem. Co.,* 332 F.3d 874, 882 (5th Cir. 2003); *reh'g & reh'g en banc denied*, 2003 WL 21785385 & *cert. denied* 540 U.S. 1107 (2004). If the defendant satisfies this burden, the inference of discrimination raised by the *prima facie* case drops from the case and the plaintiff must prove that the proffered reason is mere pretext for discrimination and must create a reasonable inference that her race was a determinative factor in the adverse employment actions.

*Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir. 1999). If the plaintiff cannot meet this burden, summary judgment is appropriately granted.

An "adverse employment action" must involve an ultimate employment decision. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997). "Ultimate employment decisions" include acts "such as hiring, granting leave, discharging, promoting, and compensating." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004). Thus, "changing locks, restructuring office procedures, clarifying job duties, and taking disciplinary actions in the form of reprimands do not constitute ultimate employment decisions." *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002). Lee has not shown that any of the complained of employment actions rise to the level of an "ultimate employment decision."

Lee also has not established that she suffered an adverse employment action. Lee testified that she found the assignment to the Navy Galley undesirable because of the hours she had to work. (Ct. R., Doc. 26, Exh. 2, pp. 59-62.) Undesirable work assignments do not rise to the level of adverse employment actions. *Southard v. Texas Bd. Of Crim. Justice*, 114 F.3d 539, 555 (5th Cir. 1997).

Furthermore, Lee must show that her race played a role in the employer's decision-making process and had a "determinative influence on the outcome." *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) (*en banc*) (ADEA case). MSS provided an affidavit in which it advances that the Navy requested additional personnel be placed at the Navy Galley during the hours Lee was assigned to work. Because Lee was cross-trained to work in the Navy

Galley, she was selected to work the necessary hours. There is no evidence that Lee's race had any bearing on the decision to assign her to the Navy Galley.

An employee's sincere subjective belief of discrimination cannot provide a plaintiff's sole support for judicial relief. *Portis v. First Nat. Bank of New Albany, Miss.*, 34 F.3d 325, 329 (5th Cir. 1994) *as amended on denial of reh'g* (Nov. 10, 1994); *see Nichols v. Loral Vought Sys.*, 81 F.3d 38, 42 (5th Cir. 1996). There is no question that Lee is a member of the protected class; however, she cannot establish that she experienced an adverse employment action or that the action was taken because of her race. Lee has not come forward with evidence to establish that her race had any influence whatsoever on the decisions made regarding her employment with MSS. Accordingly, the Court concludes that Lee has not shown that her race played an actual role in MSS's decision-making process and had a "determinative influence on the outcome." *Rhodes*, 75 F.3d at 994.

In addition, MSS has met its burden of producing a non-discriminatory reason for Lee's temporary job change. The burden in this regard "is one of production, not persuasion . . . [and] can involve no credibility assessment." *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 141-2 (2000). Lee must meet her burden of showing that Defendant's explanation was merely a pretext for the actual reason she was reassigned, allegedly racial discrimination.

Although an employee may disagree with an employer's decisions the Court is not in the position to "second guess" those decisions without evidence that an individual's race was a determining factor in the end result. *See Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503 (5th Cir. 1988). A plaintiff's sincere subjective beliefs of discriminatory intent behind her

employer's employment decisions, without more, is not sufficient to establish a material question of fact regarding the motives of her employer. *Shackelford*, 190 F.3d at 408.

The Court finds that Lee has not satisfied the *prima facie* case. In addition, even if she had, MSS proffered as its legitimate, non-discriminatory business reason for her temporary reassignment – she was cross-trained in the position. Upon thorough review of the evidentiary record in this matter, the Court finds that Lee has failed to raise an inference that Defendant's proffered reasons for termination are pretext for racial discrimination. The Court, therefore, concludes that MSS's motion for summary judgment on any claims of racial discrimination under Title VII should be granted.

    B. <u>Failure to Promote</u>

Lee contends in her complaint that she was denied a promotion on February 25, 2005, because of her race. Lee must show the following elements to establish a *prima facie* case of discrimination: (1) she is a member of a protected class; (2) was not promoted; (3) was qualified for the position; and (4) either the position was filled by someone outside the protected class or she was not promoted because of her race. *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 179 (5th Cir. 1999). The evidence shows that she never applied for a promotion. (Ct. R., Doc. 26, Exh. 2, pp. 86-7.) If Lee cannot meet this burden, summary judgment is appropriately granted.

Although there is no question that Lee is a member of a protected class, she has not established that she applied for a promotion and that the position was filled by someone outside the protected class. Lee stated that there was no job opening in February 2005 to apply for, because an individual came in and took the job without the job being posted. (*Id*., Exh. 2, pp. 86-

7.) She stated that no employee of any race applied for the position. (*Id.*) Accordingly the Court concludes that Lee cannot establish her *prima facie* case, and that MSS is entitled to summary judgment on her failure to promote claim.

### C. Equal Pay

Lee claims that she was discriminated against because of her race when she was passed over for a promotion, started at a lower salary than Caucasian employees, and not allowed to apply for certain positions which Caucasians could apply for. (Ct. R., Doc. 1, p. 3.) Unfortunately for Lee, the Equal Pay Act does not apply to claims of pay discrimination based solely on racial discrimination. The Equal Pay Act, 29 U.S.C. § 206(d)(1) applies only to claims of discrimination based on gender. Claims based on unequal pay due to racial motivations are properly brought under Title VII. *See County of Wash., OR v. Gunther*, 452 U.S. 161, 172 (1981). Accordingly, the Court finds that any claim of pay discrimination under the Equal Pay Act should be dismissed.

To support a *prima facie* case of an unequal pay claim under Title VII, Lee must show that MSS acted with discriminatory intent. *Peters v. City of Shreveport*, 818 F.2d 1148, 1153-4 (5th Cir. 1987), *cert. dismissed* 485 U.S. 930 (1988). Lee's pay is controlled by the collective bargaining agreement which sets specific pay rates for each job classification. (Ct. R., Doc. 26, Exh. 3.) Thus, Lee failed to establish that any salary discrepancies existed between herself and the other white employees, much less proving that any discrepancy was based on racial factors. *See E.E.O.C. v. Louisiana Network, Inc.*, 809 F. Supp. 1210, 1227-8 (M.D. La. 1992). The Court, therefore, concludes that MSS is entitled to summary judgment on Lee's claim of unequal pay.

II.   Claim for Intentional Infliction of Emotional Distress

Recovery for a claim of intentional infliction of emotional distress can be had when a plaintiff shows "there is something about the defendant's conduct which evokes outrage or revulsion, done intentionally . . . the result being reasonably foreseeable . . . even though there has been no physical injury." *Sears, Roebuck & Co. v. Devers*, 405 So.2d 898, 902 (Miss. 1981); *Stafford v. True Temper Sports*, 123 F.3d 291, 297 (5th Cir. 1997). "A Mississippi federal court defined the necessary severity as acts so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Hatley v. Hilton Hotels Corp.*, 308 F.3d 473, 476 (5th Cir. 2002), quoting *Speed v. Scott,* 787 So.2d 626, 630 (Miss. 2001). Employment disputes generally do not fall within this territory. *Nuwer v. Mariner Post-Acute Network*, 332 F.3d 310, 316 (5th Cir. 2003); *Lee v. Golden Triangle Planning & Dev. Dist., Inc.,* 797 So.2d 845, 851 (Miss. 2001). A party must prove that the defendant's conduct was "extreme and outrageous" to recover damages for intentional infliction of emotional distress. *Burroughs v. FFP Operating Partners, L.P.,* 28 F.3d 543, 546 (5th Cir.1994). The Court finds that MSS is entitled to summary judgment on the plaintiff's claims for intentional infliction of emotional distress because the alleged conduct advanced by Lee does not rise to the level contemplated for recovery of damages for intentional infliction of emotional distress. *See Nuwer*, 332 F.3d at 316.

III.   Negligent Infliction of Emotional Distress

Lee has asserted a state law claim based on negligent infliction of emotional distress. (Ct. R., Doc. 1, pp. 3-4.) Any state law claim for negligence is barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act. *Campbell v. Jackson Bus. Forms Co.*,

841 F. Supp. 772, 774-5 (S.D. Miss. 1994).  Accordingly, the Court concludes that MSS' motion for summary judgment on Lee's claim of negligent infliction of emotional distress should be granted.

Conclusion

For the reasons given above, this Court finds that MSS' motion [25-1] for summary judgment on Rosa M. Lee's claims should be granted.  Based on this finding the Court further finds that this case should be dismissed.  A separate summary judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date.  Each party shall bear their respective costs associated with this motion.

THIS THE 5th day of July, 2007.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE